## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, as subrogee of Robert Kauffman<br>One Nationwide Plaza<br>Columbus, OH 43215 | : : : : : | C.A. No.<br><br>JURY TRIAL DEMANDED |
| Plaintiff, | : : | |
| v. | : : | |
| BROAN-NUTONE, LLC<br>926 West State Street<br>Hartford, WI 53027 | : : : : : | |
| Defendant. | : | |

## COMPLAINT

1. Plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide") is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at One Nationwide Plaza, Columbus, Ohio, and at all times material hereto was duly authorized to issue insurance policies in the State of Delaware.

2. Defendant, Broan-Nutone, LLC ("Broan"), is a Delaware LLC, with a principal place of business located at 926 W. State Street, Hartford, Wisconsin, and at all times material hereto, was engaged in the business of designing, manufacturing and distributing electrical appliances including ventilation fans. The sole member of Broan is Nortek, Inc., which is a Delaware corporation with its principal place of business in College Park, Georgia.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is properly made in this district pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

5. At all times material hereto, Nationwide's insured, Robert Kauffman, owned and resided at the real property located at 16 Chesterfield Drive, Lewes, Delaware ("the Property").

6. At all times material hereto, Nationwide provided property insurance coverage for the Property pursuant to policy number 5207HR006964 ("the Policy").

7. At all times material hereto, there was a Broan-Nutone fan/light combo that was installed in a second floor bathroom at the Property ("the Fan").

8. The Fan was designed, manufactured and/or distributed by defendant.

9. At all times material hereto, plaintiff's insured operated the Fan in the manner in which it was intended by the defendant.

10. On May 11, 2020, a fire started in the Fan, which caused damage to the Property ("the Fire").

11. The Fire was the result of a defect in the Fan

12. Pursuant to the terms and conditions of the Policy, Nationwide made payments to or on behalf of its insured in the amount of $198,691 for damages resulting from the Fire.

13. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the Policy, Nationwide is subrogated to the rights of its insured to the extent of its payments for any claims against defendant.

## COUNT I: NEGLIGENCE

14. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

15. The Fire and resulting damages were directly and proximately caused by the negligence, carelessness, gross negligence and/or recklessness of defendant, which consisted of the following:

      (a)      failing to safely and properly design the Fan;

      (b)      failing to safely and properly manufacture the Fan;

      (c)      failing to provide proper warnings regarding the safe and proper use of the Fan;

      (d)      failing to provide proper warnings regarding the risk of fire in using the Fan;

      (e)      failing to have proper quality control procedures for the components installed within the Fan; and

      (f)      failing to provide warnings post-sale related to the propensity of the Fan to ignite a fire;

      (g)      failing to design, assemble, manufacture and distribute the Fan with appropriate safety and protective devices to shut the Fan down before it can catch fire if there is an internal failure; and

      (h)      such other and further negligent acts and omissions as may be revealed during discovery.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $198,691 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT II:  BREACH OF IMPLIED WARRANTY

16. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

17. The Fan was designed, manufactured and/or distributed by defendant Broan.

18. In placing the Fan into the stream of commerce, defendant impliedly warranted that it was of merchantable quality and fit for its intended uses.

19. The Fan failed and caused the Fire while being used for its intended purpose.

20. Plaintiff's insured had not made any modifications or alterations to the Fan since the time it was placed into the stream of commerce by defendant.

21. Defendant breached its implied warranty because the Fan was not of merchantable quality and was unfit for its intended uses when it was placed into the stream of commerce.

22. As a direct and proximate result of the aforesaid breach, the Fire occurred and resulted in significant damages to plaintiff.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $198,691 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Barry  Klayman*
Barry M. Klayman (#3676)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2035
Facsimile:  (215) 701-2209
Email:  bklayman@cozen.com
*Attorneys for Plaintiff*

*Of Counsel*:
Daniel J. Luccaro, Esquire
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone:  (215) 665-6968
Facsimile: (215) 701-2368
Email:  dluccaro@cozen.com